# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# CIVIL CASE NO. 2:11cv53
# [Criminal Case No. 2:06cr35-1]

| | |
|---|---|
| LORETTA SIMOND HUSKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on initial review of the Petitioner's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. [Doc. 1].

## PROCEDURAL BACKGROUND

On December 5, 2006, the Petitioner was indicted for conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §846 and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §924(c). [Criminal Case No. 2:06cr35-1 at Doc. 1]. On February 16, 2007, the Petitioner entered a guilty plea to both counts pursuant to a plea agreement. [Id. at Doc. 61]. She was sentenced on August 31, 2007, to 78 months imprisonment on Count One and

60 months imprisonment on Count Two, to be served consecutively. [Id. at Doc. 97].

The Petitioner appealed her sentence as to Count One only and the United States Court of Appeals for the Fourth Circuit affirmed on March 20, 2009. United States v. Huskins, 318 F. App'x. 249 (4th Cir. 2009). She did not file a petition for writ of *certiorari* in the United States Supreme Court.

The Petitioner filed the present motion to vacate on November 21, 2011. [Doc. 1]. In it, she raises a number of claims of ineffective assistance of counsel, the most important of which concerns the voluntariness of her guilty plea to Count Two.

## STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings directs the district court assigned a § 2255 motion to examine it promptly. When it plainly appears from any such motion and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Rules Governing Section 2255 Proceedings, Rule 4(b).

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act (the "AEDPA") imposes a one-year statute of limitations period for the filing of a motion to vacate, which usually runs from "the date on which the judgment of conviction

2

becomes final." 28 U.S.C. § 2255(f)(1). The Petitioner's conviction and sentence became final on or about June 18, 2009, when the time for filing a petition for writ of *certiorari* in the Supreme Court expired. Clay v. United States, 537 U.S. 522, 532, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003). Consequently, the statute of limitations for filing a motion pursuant to §2255 expired on or about June 18, 2010. The Petitioner's Motion to Vacate is therefore untimely under §2255(f)(1).

The Petitioner contends, however, that the statute of limitations should be tolled in her case because she is "actually innocent" of the § 924(c) charge, which renders her guilty plea to Count Two involuntary. [Doc. 1 at 20].[1] It is well-settled that a district court has the authority to toll the limitations period on equitable grounds. Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 2554, 177 L.Ed.2d 130 (2010). Here, however, the Petitioner's stated reason for the untimely filing of her Motion to Vacate does not warrant equitable tolling. Although the limitation period of §2255 may be subject to equitable tolling,

---

[1] In Hill v. Braxton, the Fourth Circuit held that "when a federal habeas court, prior to trial, perceives a *pro-se* [petition or motion to vacate] to be untimely and the [respondent] has not filed a motion to dismiss based upon the one-year limitations period, the court must warn the petitioner that the case is subject to dismissal ... [a]bsent a sufficient explanation." 277 F.3d 701, 706 (4th Cir. 2002). Here, Petitioner clearly was aware of her obligation to establish the timeliness of her Motion and has attempted to do so. [Doc. 1 at 7, 20]. As such, the Court finds that no further notice or opportunity for a response is required for Petitioner.

3

such a measure is an extraordinary remedy that is sparingly granted. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000). Equitable tolling is reserved for those situations where it would be unconscionable to enforce the limitations period and, if enforced, gross injustice would result. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

There is no authority in this Circuit or from the Supreme Court that supports the Petitioner's contention that actual innocence constitutes grounds for equitable tolling of the one-year AEDPA limitation. The Ninth and Sixth Circuits have allowed equitable tolling based on actual innocence. See Lee v. Lampert, 653 F.3d 929, 934 (9th Cir. 2011); Souter v. Jones, 395 F.3d 577, 599-600 (6th Cir. 2005). Other circuits, however, have rejected the argument that there is an actual innocence exception to the one-year AEDPA limitation. Escamilla v. Jungwirth, 426 F.3d 868, 871-72 (7th Cir. 2005) ("'[A]ctual innocence' is unrelated to the statutory timeliness rules."); David v. Hall, 318 F.3d 343, 347 (1st Cir. 2003) ("[T]he statutory one-year limit on filing initial habeas petitions is not mitigated by any statutory exception for actual innocence even though Congress clearly knew how to provide such an escape hatch.") (footnote omitted), cert. denied 540 U.S. 815, 124 S.Ct. 66, 157 L.Ed.2d 30 (2003); Cousins v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002) (rejecting argument that actual innocence claim justifies equitable tolling), cert.

denied 539 U.S. 918, 123 S.Ct. 2277, 156 L.Ed.2d 136 (2003).[2] In the absence of controlling authority from either the Supreme Court or the Fourth Circuit, the Court declines to recognize actual innocence as a basis for equitable tolling of the AEDPA's statute of limitations.

More importantly, the Petitioner's assertion of actual innocence is based upon a misconception of the law. She contends that she is actually innocent of the § 924(c) charge because she did not "use" the firearms in question as the Supreme Court defined that term in Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501 133 L.Ed.2d 472 (1995). In Bailey, the Supreme Court rejected a broad interpretation of the term "use," holding that it required "evidence sufficient to show an active employment of the firearm by the defendant." Id. at 143. The Court stressed that the word "use" implies that mere possession of a firearm is insufficient to sustain a conviction under § 924(c). Id. at 143, 148, 150. The Petitioner argues that while she possessed firearms, she did not use them in furtherance of her drug trafficking offense. Consequently, she argues, she is actually innocent of the § 924(c) charge and counsel was ineffective for persuading her to plead guilty to it.

In the wake of the Bailey decision, however, Congress amended

---

[2] The Eighth Circuit has left open the possibility that a claim of actual innocence could justify equitable tolling. Flanders v. Graves, 299 F.3d 974, 978 (8th Cir. 2002), cert. denied 537 U.S. 1236, 123 S.Ct. 1361, 155 L.Ed.2d 203 (2003).

5

§924(c) to criminalize the "possession" of a firearm "in furtherance of" a drug trafficking offense. United States v. Lomax, 293 F.3d 701, 704 (4th Cir. 2002), cert. denied 537 U.S. 1031, 123 S.Ct. 555, 154 L.Ed.2d 448 (2002). The Petitioner was convicted pursuant to the "possession" provision of § 924(c), not pursuant to the "use" or "carry" prongs. [Criminal Case No. 2:06cr35-1 at Doc. 97]. As a result, her argument has no merit.

Moreover, in order to show that her motion is subject to equitable tolling, the Petitioner would have to establish two elements: "(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [the] way" of her filing a timely § 2255 motion. Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (discussing tolling requirements). The Petitioner's Judgment of Conviction clearly contained the notation that she had been convicted of "Possession of a Firearm During and in Relation to a Drug Trafficking Crime," in violation of 18 U.S.C. §924(c)(1)(A)(i). That Judgment was entered on September 13, 2007. Other than stating that she diligently has been studying the law, the Petitioner has not set forth any basis which would support a finding that she has been pursuing her rights diligently or that some extraordinary circumstance stood in her way of filing a timely §2255 Motion.

## CONCLUSION

Based upon the foregoing, equitable tolling is not available to Petitioner, and her Motion to Vacate is barred as untimely. Additionally, pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, this Court declines to issue a certificate of appealability, 28 U.S.C. § 2253(c)(1), as the Petitioner has failed to establish that reasonable jurists would find that this Court's dispositive procedural rulings are debatable and that her Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

## ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. 1] is **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that the Court declines to issue a Certificate of Appealability.

Signed: December 16, 2011

Martin Reidinger
United States District Judge